ADAMS, Justice
(dissenting).
The majority rather summarily affirms a summary judgment in favor of Marie Bean and against Joan Hunter Del Re in a will contest filed by Bean. I respectfully dissent.
On December 23, 1983, Clyde and Jennie Hunter executed, on a single sheet of paper a handwritten will containing the following provisions:
“I Clyde H. Hunter leave all I own at the time of my death to my wife Jennie Elsie Hunter, including all cars, house, money, [and] everything else I own at the time of my death....
“I Jennie Elsie Hunter leave all I own at the time of [my] death to my husband Clyde H. Hunter, including all cars, house, money, [and] everything else I own at [the] time of my death....

“If we both should die together, we leave all we own to Joann Hunter Del Re.”

(Emphasis added.)
Mr. and Mrs. Hunter died on November 15, 1989, and January 3, 1991, respectively. Joann Hunter Del Re submitted the will to probate on October 8,1991. Thereafter, Ms. Bean, one of Jennie Hunter’s heirs, contested the will. On August 6, 1992, the trial court entered a summary judgment for Bean on the ground that the purported devise to Ms. Del Re in the third paragraph failed because the Hunters did not “die together.”
The issue on appeal is whether the interest created in Del Re by the will is contingent upon the simultaneous deaths of the Hunters. Ms. Del Re contends that the trial court’s construction, which resulted in Jennie Hunter’s intestacy, is inconsistent with established rules relating to testamentary dispositions. I agree.
“The law will ... presume that, when a testator undertakes to make a will of all his property, he did not intend to die intestate as to any of it or during any period of time.” Roberts v. Cleveland, 222 Aa. 256, 259, 132 So. 314, 316 (1931). Thus, if a testamentary instrument “ ‘is susceptible of two constructions, one of which would render it inoperative and the other give effect to it, the duty of the court is to adopt the latter construction.’ ” Castleberry v. Stringer, 176 Ala. 250, 255, 57 So. 849, 850 (1912). “ ‘If the language of the instrument is uncertain, or there is a latent ambiguity, evidence is ad *1027 missible of the testator’s feeling towards, and his relation to, the persons affected by the will, in order to interpret his intentions and to explain the doubtful words.’” Id.
Moreover, “ ‘facts showing [that] the person drawing the paper was unskilled will be considered in construing the will.’” Id. Where, in-cases such as this one, such facts appear, “greater latitude should be given in determining the intention of the [testatrix] than if [the will] had been drawn by an experienced hand.” George v. Widemire, 242 Ala. 579, 585-86, 7 So.2d 269, 273 (1942). As applied to the facts of this case, these rules require that we reverse the summary judgment.
It is undisputed that the Hunters drafted their own joint will without the aid of legal counsel. Affidavits presented by the parties revealed that Ms. Del Re was Clyde Hunter’s niece; that the Hunters, whose only two children had died at birth, were advised against further attempts to have children; that Ms. Del Re lived with the Hunters for several years in her childhood, during which the Hunters had openly considered adopting her; and that Ms. Del Re had maintained regular communications with the Hunters after she reached adulthood. To suppose that the Hunters purposely conditioned the interest of one who reasonably might be considered the natural object of their bounty on the unlikely event of a common disaster is to imagine that they held toward Ms. Del Re the most unusual of testamentary intentions.
I conclude to the contrary, that is, I conclude that the facial contingency of the provision was inadvertent — the result of the Hunters’ inexperience in testamentary drafting— and that the true intent was to provide “to the survivor of the first of us to die for life and after the death of said survivor, to Joan Hunter Del Re and her heirs.” Because the majority’s construction yields a result that is contrary to what I perceive to be the Hunters’ true intentions, I must respectfully dissent.
SHORES, J., concurs.